

**Trenk · DiPasquale**
Webster · Della Fera · Sodono

Attorneys at Law

West Orange – Red Bank
347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey 07052

P (973) 243-8600
F (973) 243-8677

www.trenklawfirm.com

Client No. 3576-001

March 22, 2010

Via ECF

Honorable Morris Stern
United States Bankruptcy Court
P.O. Box 1352
Newark, NJ 07101-1352

    Re:    **Jack H. Boyajian**
          **Case No. 09-32883 (MS)**
          **Adv. Pro. No. 10-01065 (MS)**
          **Motion of Jack H. Boyajian For Entry of Order Dismissing Complaint**
          **Adversary Proceeding Docket No. 6**
          **Hearing Date: April 26, 2010 at 10:00 AM**

Dear Judge Stern:

       This firm represents Jack H. Boyajian (the "Debtor"), the debtor and defendant in the above-referenced proceedings. Please accept this letter memorandum in support of the Debtor's Motion For Entry of Order Dismissing Complaint. For the reasons set forth herein, the Debtor respectfully requests that this Court grant his Motion.

**Background**

       On January 19, 2010, Charles A. Stanziale, Jr., Chapter 7 Trustee (the "Trustee") for the Debtor's bankruptcy estate, filed against the Debtor a Complaint to Determine Dischargeability and Objecting to Discharge of Debts.

       In Counts One through Three, the Trustee asserts nondischargeability claims under Bankruptcy Code section 523(a). Compl. ¶¶ 28-39. In Count One, the Trustee alleges that the Debtor incurred debt by false pretenses, a false representation and actual fraud, and hence, that such debts are nondischargeable under section 523(a)(2)(A). Id. ¶¶ 28-30. In Count Two, the Trustee alleges that the Debtor incurred debts for willful and malicious injury to other entities, and hence, that such debts are nondischargeable under section 523(a)(6). Id. ¶¶ 32-35. In Count

Richard D. Trenk ■ Joseph J. DiPasquale ■ Elnardo J. Webster, II ■ Sam Della Fera, Jr. ■ Anthony Sodono, III
Henry M. Karwowski ■ Joshua H. Raymond ■ Thomas M. Walsh ■ Joseph Maddaloni, Jr. ■ John M. McDonnell
Gina R. Orosz ■ Shoshana Schiff ■ John F. Newman ■ Joni Noble McDonnell ■ Brian T. Crowley
Jennifer M. Carrilo-Perez ■ Michele M. Dudas ■ Jodi M. Luciani ■ Mark Y. Moon
Scott J. Koplik ■ Adam D. Wolper ■ Joao F. Magalhaes ■ E. Pricilla Mori

Honorable Morris Stern
March 22, 2010
Page 2

Three, the Trustee alleges that the Debtor incurred fines, penalties, or forfeitures payable to or for the benefit of governmental units, and hence, that such debts are nondischargeable under section 523(a)(7). Id. ¶¶ 37-39.

In Counts Four through Seven, the Trustee asserts objections to discharge under Bankruptcy Code section 727(a). In Count Four, the Trustee alleges that the Debtor concealed assets before the petition filing, and thus, requests denial of the Debtor's discharge under section 727(a)(2)(A). Id. ¶¶ 41-43. In Count Five, the Trustee alleges that the Debtor has concealed his assets after the petition filing, and thus, requests denial of the Debtor's discharge under section 727(a)(2)(B). Id. ¶¶ 45-47. In Count Six, the Trustee alleges that the Debtor has knowingly and intentionally made false, inaccurate, or misleading statements while under oath, and thus, requests denial of the Debtor's discharge under section 727(a)(4). Id. ¶¶ 49-51. In Count Seven, the Trustee alleges that the Debtor failed to satisfactorily explain his loss of assets and the deficiency of his assets to meet his liabilities, and thus, requests denial of the Debtor's discharge under 727(a)(5). Id. ¶¶ 53-55.

## Legal Argument

The Debtor moves for dismissal of the Trustee's Complaint under Federal Rule 12(b), incorporated by reference by Bankruptcy Rule 7012.

### Standard

Under Federal Rule 12(b), a defendant may move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. 12(b). The purpose of Federal Rule 12(b) is to allow the court to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thereby spare the litigants the burdens of unnecessary pretrial and trial activity. In addressing a Rule 12(b)(6) motion, a court must review the face of the complaint and determine whether it provides the defendant with the type of notice contemplated under Federal Rule 8. Under Rule 8, a plaintiff must allege facts necessary to provide the defendant with fair notice of the claim and the grounds upon which it rests. In order to meet this standard, a plaintiff must allege enough factual matter, taken as true, to suggest the required elements of the claim. Mere labels and conclusions, and a formulaic recitation of the elements of a claim, do not suffice. In other words, a plaintiff must allege enough facts to state a claim to relief that is above the speculative level and that is plausible on its face. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007); Phillips v. Co. of Allegheny, 515 F.3d 224, 230-35 (3d Cir. 2008); IJKG LLC v. Bayonne Med. Ctr., Inc. (In re Bayonne Med. Ctr., Inc.), 2009 WL 1025123 at *11 (Bankr. D.N.J. Feb. 3, 2009); Wanland & Assocs. Inc. v. Nortel Networks Ltd. (In re Norvergence, Inc.), 384 B.R. 315, 357, 349-52 (Bankr. D.N.J 2008).

Also, when a plaintiff makes an allegation of fraud, it must satisfy the heightened pleading requirements of Federal Rule 9(b). The purpose of the heightened requirements, greater than those imposed under Federal Rule 8, is not to test the factual allegations of the claim, but to provide notice. Thus, a plaintiff satisfies Rule 9(b) when it pleads with particularity the

Honorable Morris Stern
March 22, 2010
Page 3

circumstances of the alleged fraud sufficient to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges. The plaintiff must support its allegations of fraud with "all of the essential factual background that would accompany the first paragraph of any newspaper story – the 'who, what, when, where and how' of the events at issue." See, e.g., Wanland, 384 B.R. at 357, 362-63; Stanziale v. Dalmia (In re Allserve Sys. Corp.), 379 B.R. 69, 75-77 (Bankr. D.N.J. 2007); Marra, Gerstein & Richman v. Kroen (In re Kroen), 280 B.R. 347, 350 n.2 (Bankr. D.N.J. 2002).

Nondischargeability Claims

Only the party to whom a debt is owed has standing to challenge the dischargeability of the debt. See, e.g., Silver Care Center v. Parks (In re Parks), 2007 WL 2033380 at **11-12 (Bankr. D.N.J. July 10, 2007) (holding that only debtor's mother, and not nursing home which provided services to debtor's mother, had standing to challenge dischargeability of debt incurred by debtor based on misappropriation of mother's funds); Fed. R. Bankr. P. 4007(a) ("A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt."). Cf. Kish v. Verniero (In re Kish), 221 B.R. 118, 133 (Bankr. D.N.J. 1998) (holding that organizations to which New Jersey Department of Motor Vehicles paid portion of motor vehicle surcharges collected from chapter 7 debtor did not have "claim" against debtor, and hence they were not proper parties in adversary proceeding brought by debtor for determination of whether liability for these surcharges had been discharged, where organizations had no right to payment from debtor). Thus, "a trustee does not have standing to file a complaint to determine dischargeability in the case in which the trustee serves." Cundiff v. Cundiff (In re Cundiff), 227 B.R. 476, 478 (B.A.P. 6th Cir. 1998) (citing Houghton v. Hovatter (In re Martin), 64 B.R. 638, 639 (Bankr. D. Del. 1986)).

Thus, here, the Trustee lacks standing to challenge the dischargeability of the Debtor's debt. It follows that Counts One through Three, in which the Trustee asserts nondischargeability claims, must be dismissed.[1]

---

[1] Even assuming that the Trustee somehow has standing, additional grounds for dismissal of these Counts exist. First, under Bankruptcy Rule 4007(c), a complaint seeking a determination of nondischargeability of "intentional tort" debt under Bankruptcy Code section 523(a)(2), (4), or (6) must be filed no later than the first date set for the meeting of creditors. Fed. R. Bankr. P. 4007(c). The failure to timely file such a complaint results in discharge of the debt. See, e.g., In re Gannon, 25 B.R. 360, 362 (Bankr. D.N.J. 1982) (holding that creditor's failure to file timely complaint resulted in waiver of right to contest dischargeability of debt under section 523(a)(2), (4), or (6)). See also In re Galtieri, 2007 WL 2416425 at **17-18 (Bankr. D.N.J. Aug. 17, 2007) (finding that because debtor's former wife failed to timely initiate adversary proceeding seeking to except claim under divorce judgment from discharge under section 523(a)(6), claim was discharged), aff'd, 2008 WL 958048 (D.N.J. Apr. 08, 2008). In the present case, the first date set for the meeting of creditors was September 23, 2009. Thus, the deadline for filing a nondischargeabilty complaint was November 22, 2009. The Trustee didn't file his Complaint until January 19, 2010. Thus, Counts One and Two, relating to the nondischargeability of

Honorable Morris Stern
March 22, 2010
Page 4


Objections to Discharge

"Congress described § 727's discharge provision as 'the heart of the fresh start provisions of the bankruptcy law.'" Rosen v. Bezner, 996 F.2d 1527, 1531 (3d Cir. 1993) (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 384 (1977)). "The section is to be construed liberally in favor of the debtor." Id. "Completely denying a debtor his discharge, as opposed to avoiding a transfer or declining to discharge an individual debt pursuant to § 523, is an extreme step and should not be taken lightly." Id.

Thus, the party objecting to the discharge generally bears the burden of proving that the case falls within a statutory exception to discharge under section 727. See, e.g., Georges v. Solodky (In re Georges), 2005 WL 1604010 at *1 (3d Cir. July 8, 2005); Fed. R. Bankr. P. 4005. "[T]he reasons for denying a discharge to a bankrupt must be real and substantial, not merely technical and conjectural; speculation cannot be substituted for proof and the requirement is for probative facts . . . ." In re Pioch, 235 F.2d 903, 905 (3d Cir. 1956) (footnote omitted). Thus, courts routinely dismiss objections to discharge inadequately pled under section 727(a)(2), (a)(4), and (a)(5). See, e.g., Ehle v. Brien (In re Brien), 208 B.R. 255, 257-58 (B.A.P. 1st Cir. 1997) (dismissing section 727(a)(4) claim because failed to identify where or how allegedly false oath was made and dismissing section 727(a)(5) claim because plaintiffs failed to allege that debtor had ownership interest in property that was allegedly no longer available and failed to

---

intentional tort debts, are barred. Second, the Trustee fails to raise elements required for each claim. For instance, section 523(a)(2)(A) requires that the debtor actually have obtained money or property by fraud. See, e.g., Berkowitz v. Cohen (In re Cohen), 69 B.R. 9, 11 (Bankr. E.D.N.Y. 1986). Here, the Trustee alleges only that the Debtor "incurred debt" by fraud. Compl. ¶ 29. Also, under section 523(a)(6), a debtor must have intended injury by his actions. See, e.g., Shephard v. O'Quinn (In re O'Quinn), 374 B.R. 171, 182 (Bankr. M.D.N.C. 2007) (citing Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998), and dismissing section 523(a)(6) claim because plaintiff alleged only that debtor's actions, and not any injury caused, were willful and malicious). Here, the Trustee alleges only that the Debtor's actions were willful; he does not allege that the Debtor intended to cause injury. Compl. ¶¶ 33-34. Last, section 523(a)(7) expressly requires that the debt at issue not qualify as "compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7). Here, the Trustee fails to address this element in his section 523(a)(7) claim. Compl. ¶ 38. Also, he seeks pursuant to that claim a determination of nondischargeability for debts that apparently do not exist. Id. (referring to debts "to be incurred"). Third, this Court has noted nondischargeability claims lacking sufficient facts must be dismissed. See, e.g., Kroen, 280 B.R. at 350 (noting that "[a] complaint that merely asserts the legal elements of § 523(a)(2)(A) without making the required factual allegations will not survive a motion to dismiss" and finding plaintiff's pleadings deficient because plaintiff failed to provide specific facts, dates, and quotations regarding representations on which plaintiff relied for purposes of section 523(a)(2)(A)). In the present case, the Trustee fails to raise specific facts to support his nondischargeability claims. Accordingly, dismissal is warranted for these additional reasons.

allege how property had disappeared); Neiman v. Irmen (In re Irmen), 379 B.R. 299, 309-10 (Bankr. N.D. Ill. 2007) (dismissing section 727(a)(4)(A) claim based on "conclusory allegations"); Control Servs., Inc. v. Chason (In re Chason), 352 B.R. 52, 58 (Bankr. W.D. La. 2005) (dismissing section 727(a)(4) claim based on lack of facts alleged in pleadings); Sanabria v. Valle Toledo (In re Valle Toledo), 75 B.R. 188, 189-91 (Bankr. D. P.R. 1987) (dismissing complaint objecting to discharge under Bankruptcy Code section 727(a)(2), (a)(4), and (a)(5) because "allegations . . . do not state with sufficient particularity the underlying facts [or the] explicit grounds upon which the complaint is based").

In the present case, the Trustee, in objecting to the Debtor's discharge under section 727(a)(2), (a)(4), and (a)(5) in Counts Four through Seven, essentially repeats the requirements of the statute, and raises only bare, conclusory allegations. Indeed, he fails to allege specific facts such as (i) the property allegedly concealed by the Debtor; (ii) the entities, trusts, or family members to which he has allegedly transferred assets; (iii) the false oaths allegedly made by the Debtor, whether in his petition or at an examination; and (iv) how or in what ways the Debtor failed to satisfactorily explain his alleged loss of assets and the deficiency of his assets to meet his liabilities. Compl. ¶¶ 24-26; 41-55. Hence, the "who, what, when, where, and how" of the events at issue are missing.

Therefore, the Trustee fails to state claims upon which relief can be granted. Accordingly, the Debtor respectfully requests that this Court grant (i) his Motion; and (ii) other relief as this Court deems appropriate.[2] Thank you very much for Your Honor's consideration.

                        Respectfully submitted,

                        TRENK, DiPASQUALE, WEBSTER,
                        DELLA FERA & SODONO, P.C.

                        /s/ *Henry M. Karwowski*

                        Henry M. Karwowski

cc:    Donald J. Crecca, Esq. (via ECF)

F:\WPDOCS\A-M\Boyajian\Adv. Proceeding\LtrBrief.doc

---

[2] Assuming that this Court finds that dismissal would be inappropriate at the current time, the Debtor respectfully requests that, given the pleading deficiencies in the Complaint, this Court order the Trustee to file a more definite statement under Federal Rule 12(e). See, e.g., Thomas v. Independence Township, 463 F.3d 285, 301 (3d Cir. 2006) ("When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific qualified immunity defense. . . . The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.").